**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| OSMAN YUVINY INTERIANO GAMEZ, *Petitioner,* v. J.L. JAMISON, et al., *Respondents.* | CIVIL ACTION NO. 26-7803 |

**ORDER**

**AND NOW**, this 27th day of October, 2026, upon consideration of the Petition for a Writ of *Habeas Corpus*, (Dkt. No. 1), and the Government's Response in Opposition, (Dkt. No. 4), it is hereby **ORDERED** that

1. The Petition is **DENIED** without prejudice.[1]

[1] Petitioner Osman Yuviny Interiano Gamez is a citizen of Guatemala who entered the United States without inspection approximately ten years ago. (Pet. at 2, Dkt. No. 1.) On October 8, 2026, ICE agents arrested Gamez in Bristol, Pennsylvania and transported him to the Philadelphia Detention Center, where he remains detained under 8 U.S.C. § 1226(a). (*Id.* at 4; Gov't Resp. in Opp'n at 3–4, Dkt. No. 4.)

Gamez filed a *habeas* petition, alleging violations of the Immigration and Nationality Act, the Fifth Amendment and the Administrative Procedure Act. (Pet. ¶¶ 1–7.) He seeks an order declaring his detention unlawful and his immediate release. (*Id.* ¶¶ 10–14.) He argues that he need not exhaust the administrative remedies under 8 U.S.C. § 1226(a). (*Id.* ¶¶ 15–16.) On October 13, the Court barred Gamez's transfer from the Eastern District of Pennsylvania pending the adjudication of his Petition. (Order, Dkt. No. 2.) The Government argues that Gamez is lawfully detained under § 1226(a), that he must exhaust his administrative remedies before seeking *habeas* relief and asks the Court to vacate its October 13 order "so he may appear at future immigration hearings and pursue his available administrative remedies." (Gov't Resp. in Opp'n at 5–8.)

Petitioners "are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to § 2241." *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996) (collecting cases). Exhaustion may be excused if an attempt to obtain relief would be futile. *Cerverizzo v. Yost*, 380 F. App'x 115, 116 (3d Cir. 2010). A futile argument is not the same, however, as one that would likely fail if it had been raised. *See Ubaid v. Jamison*, No. 26-cv-2681, 2026 WL 1346670, at *3 (E.D. Pa. May 14, 2026) (collecting cases).

Gamez requested a bond hearing. (Gov't Resp. in Opp'n at 7; *see also* Form I-286 at 2, Dkt. No. 4-4.) Until he proceeds with his administrative review, "the merits of [his] claims that he is being held in violation of federal law are [not] ripe for review." *Ubaid*, 2026 WL 1346670, at *3; *Doe v. Jamison*, No. 26-1906, 2026 WL 916568, at *4 n. 36 (E.D. Pa. Mar. 31, 2026) (holding that due process claims are not ripe for review until and unless the petitioner fully exhausts the

2. The Court's October 13, 2026, Order, (Dkt. No. 2), is **VACATED** to enable Gamez to receive his bond hearing.

3. The Clerk of Court shall **CLOSE** the case.

BY THE COURT:

***/s/ Gerald J. Pappert***
Gerald J. Pappert, J.

---

administrative process); *Zapata-Vargas v. Blanche*, No. CV 26-6691, 2026 WL 2906208, at *2 (E.D. Pa. Sept. 28, 2026) ("Because Petitioner has not yet completed the second step of § 1226's review process . . . Petitioner has not exhausted his administrative remedies and his Petition is therefore not ripe for review by this Court."); *Lacruz Rondon v. Jamison*, No. 26-CV-07230, 2026 WL 2969105, at *3 (E.D. Pa. Oct. 2, 2026) (collecting cases and holding that "the merits of the Petition are 'not ripe for review' by this Court because Petitioner has failed to exhaust his administrative remedies").